**PARSONS v. CITY OF FORT WORTH et al.**

No. 4100.

Court of Civil Appeals of Texas. Texarkana.

Nov. 11, 1931.

Rehearing Denied Nov. 19, 1931.

J. M. Willis and C. F. Clark, both of Fort Worth, for appellant.

Cecil Morgan and Alva W. Bound, both of Fort Worth, for appellees.

SELLERS, J.

This was a suit filed by the city of Fort Worth for the use and benefit of Colglazier, Huff & Co., paving contractors, against Ed V. Parsons and wife, Mollie B. Parsons, on a paving assessment certificate issued against the defendants for the paving of Allen avenue in the city of Fort Worth; said avenue being an alley back of defendants' property and shut off from defendants' property by a fence or wall of Chase court. The certificate was for the sum of $502.39, and provided for interest and attorney's fees. It was admitted that the property of defendants was a homestead and the separate property of the defendant Mollie B. Parsons. The case was tried to the court without the intervention of a jury, and resulted in a personal judgment for the plaintiffs against the defendant Mollie B. Parsons for the sum of $706.35, to which judgment the defendant Mollie B. Parsons excepted and has duly prosecuted this appeal. The plaintiff pleaded, with reference to notice, as follows: "That said resolution also prescribed a hearing to be given to said property owners and fixed a day for said hearing to be held on the 9th day of August, 1927, at nine A. M. in the City Council chambers in the City Hall, Fort Worth, and directed the City Secretary to issue notices to each of the property owners, their agents and attorneys or representatives, including the defendants herein, Mollie B. Parsons and Ed V. Parsons, by advertising in the Fort Worth Press, a daily newspaper of general circulation in the City of Fort Worth and surrounding country by publishing said resolution and notice for five consecutive days prior to said hearing. * * * That said notices were duly published in said paper for five consecutive days, to-wit, on and from the 25th day of July, 1927, to and including the 29th day of July, 1927. * * * And said notices advised said defendants of said hearing on the 9th day of August, 1927, in the Council chambers in the City Hall of Fort Worth at nine A. M., and of the proposed assessment of $502.39 against him and his property and of the creation of a lien thereon."

It was further alleged that on the 9th day of August, 1927, no quorum being present, said meeting was postponed on the 16th day of August, 1927. The defendants specially pleaded as follows:

"And defendants further say that no such hearing was held pursuant to any notice given thereof and all the proceedings by which said assessment was made against these defendants, or either of them, for the

cost of said improvements are void and of no force and effect.

"Defendants deny that the meeting of the City Council of the City of Fort Worth to have been held on the 9th day of August, 1927, when the hearing in this matter is alleged to have been had for the benefit of the property owners affected by said alleged improvements was postponed until August 16, 1927, and deny that any hearing on said resolution pursuant to any notice thereof was ever held by said City Council on said resolution."

The testimony of the city secretary to the following effect is undisputed: "My name is I. L. Van Zandt, Jr. I am City Secretary of Fort Worth. I keep the Minutes of the proceedings of the City Council of the City of Fort Worth. I occupied that position and kept the Minutes and records of the City in the year 1927. I have here a part of the Minutes of the meeting of the City Council of the City of Fort Worth during the month of August, 1927. I do not have the Minutes of a meeting of August 9, 1927. There was no meeting that date. * * * They did not assemble at all. There is no Minute of an assembly on August 9th at all."

Under articles 1093 and 1094 of the Revised Statutes of 1925, it is mandatory and jurisdictional that a city comply strictly with the requirements of said articles before a valid assessment may be had against an owner of abutting property for public improvement.

The sufficiency of the notice given appellant by the appellee is not questioned. The notice required the property owners to appear before the council on August 9, 1927, at 9 o'clock a. m. in the chambers of the city council at the city hall, Fort Worth, Tex.

The vice in the proceedings is in the failure of the city council to meet at the time and place the notice required the property owners to appear. The evidence on this point is undisputed. There was no meeting of the city council on August 9, 1927, and, so far as the statement of facts discloses, there is no explanation of why the meeting was not held. The city council, having failed to meet on the 9th day of August, never acquired jurisdiction to make an assessment against appellant's property, Gill v. City of Oakland, 124 Cal. 335, 57 P. 150, and the attempted assessment made on August 16, 1927, was void. The rights of property owners in such cases are too sacred to hold otherwise.

If the city council had met on August 9th, and had, in fact, adjourned the meeting to August 16th, a minute of the proceeding would have been made by the city secretary, which would have constituted sufficient notice to the property owners of the meeting to be held on August 16th, Crabb et al. v.

Uvalde Paving Co. (Tex. Com. App.) 23 S. W.(2d) 300, but this was not done. No new notice having been given, the property owners were without any notice, as required by law, of the meeting of August 16, 1927.

The disposition to be made of this appeal makes the discussion of other assignments unnecessary.

The judgment of the trial court will be reversed, and judgment here rendered for appellant.